IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| RONALD D. GLICK,<br><br>Plaintiff,<br><br>vs.<br><br>MONTANA DEPARTMENT OF CORRECTIONS, et. al.,<br><br>Defendants. | Cause No. CV 07-00041-H-DWM-RKS<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM AND FAILURE TO COMPLY WITH A COURT ORDER |

Plaintiff Ronald Glick is a former prisoner litigant representing himself and proceeding in forma pauperis in this civil rights case against prison officials at the Montana State Prison.

On September 29, 2008, the Court required Glick to either file a second amended complaint or notify the Court he did not intend to do so on or before October 31, 2008. (Document 18). On October 20, 2008, Glick filed a Motion for Extension of Time to File a Second Amended Complaint. (Document 19). That motion was granted and Glick was allowed until December 8, 2008 to file a Second Amended Complaint. (Document 22). On November 26, 2008, Glick

filed an Objection to the Court's September 29, 2008 Findings and Recommendation contending he could not file an amended complaint until after Judge Molloy completed his de novo review of the Findings and Recommendations. (Document 23, p. 9). On May 7, 2009, Judge Molloy issued an Order adopting the pending Findings and Recommendations and requiring Glick to file his second amended complaint within twenty days as instructed in the Court's September 29, 2008 Findings and Recommendations. (Document 28). Glick did not respond and therefore his Complaint should be dismissed for failure to state a claim and failure to comply with a Court order.

### A. FAILURE TO STATE A CLAIM

In its prior Order, the Court found that Glick failed to state a claim and/or name an appropriate Defendant with regard to his First Amendment Claims (Claims 1-7, 11 and 12); his Access to Courts Claims (Claims 17-23 and 36); his Retaliation Claims (Claims 24, 27, and 32), his medical care claim (Claim 28); his transport claim (Claim 31), and his claims for injunctive relief (Claims 33 and 34). Glick did not amend these claims. Accordingly, for the reasons set forth in the Court's prior Order (Document 19), Glick's Amended Complaint fails to state a claim upon which relief may be granted and/or fails to name a Defendant

responsible to the alleged deprivation.  As such, this matter should be dismissed.

## B.  FAILURE TO COMPLY WITH COURT ORDER

In addition to failing to state a claim, this matter should also be dismissed as a sanction for failing to comply with a Court order.  Glick was instructed to file an amended complaint or notify the Court of his intention not to file an amended complaint.  Glick did neither.

The trial court has discretion under Fed.R.Civ.P. 41(b) to dismiss an action for failure to comply with a court order.  *Fendler v. Westgate-California Corp.*, 527 F.2d 1168, 1170 (9th Cir. 1975).  The Court must consider the following factors before imposing dismissal as a sanction for failure to prosecute or failure to comply with a court order:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.  *Pagtalunan v. Galaza*, 291 F.3d 639 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)); *see also Dahl v. City of Huntington Beach*, 84 F.3d 363, 366 (9th Cir. 1996); *Thompson v. Housing Auth. of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam), *cert. denied*, 479 U.S. 829 (1986).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Given Glick's refusal to respond to the Court's various Orders (specifically this Court's September 29, 2008 Order and Judge Molloy's May 7, 2009 Order), this factor weighs in favor of dismissal.

"The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan*, 291 F.3d 639 (citing *Yourish*, 191 F.3d 983). It has now been nine months since the Court first permitted Glick the opportunity to file a second amended complaint. It has been two months since Judge Molloy issued his Order for Glick to file his second amended complaint. The Court must be able to manage its docket and it cannot do so, if Glick refuses to comply with the Court's Orders. Therefore, this factor favors dismissal.

"To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Malone v. United States Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987). Defendants have not yet been served in this case and thus there is no immediate prejudice. However, given Glick's refusal to respond,

the matter could linger indefinitely and prejudice Defendants.

The Court has considered the possibility of and provided less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Although the court should consider less drastic alternatives to a dismissal, the court is not required to exhaust all such alternatives prior to dismissal. *Id.* The Court has been exceeding patient with Glick's refusal to file an amended complaint, allowing extensions and waiting for the de novo review of the pending Findings and Recommendations. Glick will have an opportunity to file objections to these Findings and Recommendations, which may not technically be considered an "alternative" but will provide Glick the chance to challenge this Court's rulings.

The last factor weighs against dismissal because public policy favors the disposition of cases on their merits. *Pagtalunan,* 291 F.3d 639 (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). However, the Court finds the other four factors weigh in favor of dismissal and therefore dismissal is an appropriate sanction in this matter.

Accordingly, it being found that Glick has failed to state a claim upon which relief may be granted, failed to comply with a Court Order, and the Court finding the relevant factors weigh in favor of dismissal, the Court will recommend this matter be dismissed.

### C. "STRIKE" UNDER 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act (PLRA) prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). The Court should designate this case as a "strike" under this provision because Glick's allegations (after being provided an opportunity to amend) fail to state a claim upon which relief may be granted.

### D. CERTIFICATION REGARDING APPEAL

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed. R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (quoting *Coppedge*, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke*, 490 U.S. at 325, 327; *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631 (9th Cir. 2000).

The record makes plain Glick's claims are frivolous as they lack arguable substance in law or fact. Glick's failure to state a claim is so clear no reasonable person could suppose an appeal would have merit. Therefore, the Court should certify that any appeal of this matter would not be taken in good faith.

**E. ADDRESS CHANGES**

At all times during the pendency of these actions, Glick SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective

date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based upon the foregoing, the Court issues the following:

### RECOMMENDATIONS

1. Glick's Complaints (Documents 2 and 15) should be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted and failure to comply with a Court order.

2. The Clerk of Court should be directed to have the docket reflect that the dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Glick has failed to state a claim upon which relief may be granted.

3. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

4. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain the instant

Complaint is frivolous as it lacks arguable substance in law or fact.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Glick may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

These Findings and Recommendations are not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.Civ.P. 4(a)(1), should not be filed until entry of the District Court's final judgment.

DATED this 7th day of July, 2009.

                                          /s/ Keith Strong
                                          Keith Strong
                                          United States Magistrate Judge