

FILED
SEP 0 9 2009
PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| RONALD D. GLICK, | ) | CV 07-41-H-DWM-RKS |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| MONTANA DEPARTMENT OF CORRECTIONS, et al., | ) | |
| Defendants. | ) | |

Plaintiff Glick filed this action pursuant to 42 U.S.C. § 1983 in July of 2007. On September 29, 2008, United States Magistrate Judge Keith Strong issued an Order requiring Plaintiff to file a second amended complaint or state that he did not intend to do so on or before October 31, 2008. After an extension of time, Glick filed an objection to Judge Strong's Order, arguing that he could not file an amended complaint until this Court conducted a de novo review of Judge Strong's Findings and Recommendations. This Court issued an Order adopting the Findings and Recommendations on May 7, 2009, and instructed Plaintiff to file his second amended complaint within twenty days. Glick has failed to respond to

-1-

this Court's Order.

Judge Strong has now issued Findings and Recommendations in which he concludes that Plaintiff Glick's Complaint and Amended Complaint should be dismissed for failure to state a claim and for failure to comply with a court order under Fed. R. Civ. P. 41(b). Judge Strong explains that the Amended Complaint fails to state a claim and/or name an appropriate defendant with respect to all remaining counts, relying on his Order filed September 29, 2009 (Doc. No. 18).

Judge Strong weighed the five factors to be considered in deciding whether to dismiss for failure to comply with a court order, as set out in Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002). Judge Strong found that the interest in expeditious resolution of cases, the Court's need to manage its docket, the prejudice to the Defendants and the availability of less drastic options all favor dismissal, while only the preference for resolution of cases on the merits does not. On this basis Judge Strong recommended that the case be dismissed for failure to prosecute.

Plaintiff Glick did not timely object and so has waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court will review the Findings and Recommendation for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been

committed." United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000).

I can find no clear error with Judge Strong's recommendation and therefore adopt it in full.

Accordingly, IT IS HEREBY ORDERED that Glick's Complaints (Doc. Nos. 2 and 15) are DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted and failure to comply with a Court order.

The Clerk of Court shall have the docket reflect that the dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Glick has failed to state a claim upon which relief may be granted.

The Clerk of Court shall close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

The Clerk of Court shall have the docket reflect that the Court certifies pursuant to Fed. R. App. P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

DATED this 8th day of September, 2009.

_____
Donald W. Molloy, Chief Judge
United States District Court